IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HOLLINGSWORTH, #1293759, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:10-CV-1445-O(BK) | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice (TDCJ) at the Michael Unit in Tennessee Colony, Texas. Respondent is the TDCJ Director. The court did not issue process in this case pending preliminary screening.

On March 22, 2005, following his guilty plea to burglary of a habitation, the court sentenced Petitioner to eighteen years imprisonment. *See State v. Hollingsworth*, No. F04-57840 (Crim. Dist. Court No. 4, Dallas County, 2005). Petitioner did not appeal. (Pet. at 3-4.) On June 12, 2009, he filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, in the convicting court. *See Ex parte Hollingsworth*, No. W04-57840-A. The Texas Court of Criminal Appeals denied the application on November 25, 2009. *See Ex parte*

*Hollingsworth*, No. WR-72,573-02 (Tex. Crim. App. 2009).[1]

Petitioner filed the federal petition at issue on July 22, 2010. He alleges his guilty plea was involuntary, and he was denied the right to counsel during the guilty plea proceedings.[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing Section 2254 Proceedings (requiring dismissal of a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

The court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. As of the date of this recommendation, Petitioner has impliedly refused or failed to respond to the court's order. For the reasons set out below, his petition should be dismissed as time barred.

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the

---

[1] The office of the undersigned verified all dates set out in this recommendation on the basis of information available on the Dallas County website and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on July 19, 2010, the date Petitioner handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).³ Since Petitioner did not file a direct appeal, his conviction became final on April 21, 2005, thirty days after entry of the judgment. *See* TEX. R. APP. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). Pursuant to section 2244(d)(1)(A), the one-year period began to run on April 22, 2005, and expired one year later on April 21, 2006. *See Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998). Petitioner's state habeas application filed on June 12, 2009, more than three years after the one-year deadline – did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).⁴ Therefore, the federal petition, deemed filed as of July 19, 2010, is clearly time barred.

In light of Petitioner's *pro se* status and his implied failure to respond to the show cause order, the court liberally construes his pleadings to request equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2562 (2010) (quoted case omitted), the Supreme Court stated that to be entitled to

---

³ Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

⁴ Statutory tolling is equally unavailable during the pendency of Petitioner's motion for leave to file a petition for writ of mandamus – filed on August 21, 2009, and denied on November 25, 2009. *See In re Hollingsworth*, No. WR-72,573-01 (Tex. Crim. App. 2009). The Fifth Circuit Court of Appeals has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his state writ by more than four years after his conviction became final, clearly failing to pursue the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511. Unexplained delays do not evince due diligence. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, neither Petitioner's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Clearly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). Therefore, in the exercise of discretion, the District Court should refuse to apply equitable tolling.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

SIGNED September 17, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE