IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HOLLINGSWORTH, #1293759, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-1445-O-BK |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

Before the Court is the Recommendation of the United States Magistrate Judge (ECF No. 5) filed in accordance with 28 U.S.C. § 636(b)(1), Petitioner's Objections thereto (ECF No. 8), and Petitioner's Motion for Abatement or to Dismiss without Prejudice (ECF No. 12). After reviewing all relevant matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. Petitioner's Motion for Abatement or to Dismiss without Prejudice is **DENIED** as moot.

On September 17, 2010, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation. *See* ECF No. 5. The Magistrate Judge found that Petitioner's habeas claim was barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* In the AEDPA, Congress established a one year statute of limitations for state inmates seeking habeas relief. *See* 28 U.S.C. § 2244 (d). In the instant case, the limitation period runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review." *Id.* On October 8, 2010 this Court vacated a prior Order adopting the Findings, Conclusions and Recommendation of the Magistrate Judge in order to consider Petitioner's timely filed objections. *See* ECF No. 9. The Court also ordered Petitioner to show cause as to why his habeas claim was not barred by the AEDPA. *Id.* This was the second time Petitioner had been ordered to show cause as to why the AEDPA did not bar the instant habeas claim. *See* Order 1-2, July 30, 2010, ECF No. 3.

Petitioner has failed to show cause as to why the AEDPA's one year statute of limitations does not bar his claim for habeas relief. On March 22, 2005, following his guilty plea, the state court sentenced Petitioner to eighteen years imprisonment. *See* ECF No. 5. Because Petitioner did not file a direct appeal, his conviction became final thirty days after the entry of judgment, on April 21, 2005. *See* TEX. R. APP. P. 26.2(a)(1). As such, Petitioner's instant request for habeas relief falls outside of the AEDPA's one year statute of limitations. Moreover, in neither his Objections to the Findings, Conclusions and Recommendation of the Magistrate Judge, nor in his Motion, has Petitioner shown cause as to why the AEDPA does not bar his claim. In fact, Petitioner has completely failed to address the issue.

Nonetheless, the Magistrate Judge liberally construed Petitioner's pleading to articulate a claim for equitable tolling of the AEDPA's on year statute of limitation. *See* ECF No. 5. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). As noted by the Magistrate Judge, four years elapsed between the finalization of Petitioner's conviction and the filing of the instant habeas petition. Such an unexplained delay in filing does not evince the requisite diligence to establish that equitable tolling of the applicable statute of limitations is

warranted. Accordingly, the Court finds that the AEDPA's one year statute of limitations bars Petitioner's request for a writ of habeas corpus.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**SO ORDERED** this **6th** day of **December, 2010**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**